## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | |
| DAVID W. CARICKHOFF, as Chapter 7 Trustee of LIVE WELL FINANCIAL, INC., | Adv. Proc. No. 21-50990-LSS |
| Plaintiff, | |
| v. | |
| STUART H. CANTOR, JAMES P. KARIDES, BRETT J. ROME, LWFVEST, LLC, NORTH HILL VENTURES II, LP, FIVE ELMS EQUITY FUND I, L.P., FIVE ELMS HAAKON, L.P., FIVE ELMS COINVEST, L.P., JAMES BROWN, GANTCHER FAMILY LIMITED PARTNERSHIP, ERIC LEGOFF, and TITLE WORKS OF VIRGINIA, INC., | |
| and | |
| JOHN DOES 1–10, | |
| Defendants. | |

### ANSWER OF DEFENDANTS JAMES BROWN, GANTCHER FAMILY LIMITED PARTNERSHIP AND ERIC LEGOFF

Defendants James Brown ("**Brown**"), Gantcher Family Limited Partnership ("**Gantcher**") and Eric Legoff ("**Legoff**" and with Brown and Gantcher, collectively, the "**Answering Defendants**"), by and through its undersigned counsel, as and for its Answer to the Complaint (the

"**Complaint**"), filed by the Plaintiff, David W. Carickhoff, as Chapter 7 Trustee of Live Well Financial, Inc. (the "**Trustee**"), alleges as follows:

## SUMMARY OF ACTION

1.      Paragraph 1 of the Complaint is a statement of the relief the Trustee seeks in this action, to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 1 of the Complaint and respectfully refer the Court to the Complaint for the full contents thereof.

2.      Paragraph 2 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 2 of the Complaint.

3.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 3 of the Complaint, except admit, upon information and belief, that Michael C. Hild, Eric G. Rohr and Darren Stumberger has either pleaded guilty to or has been found guilty of crimes.

4.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 4 of the Complaint.

5.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 5 of the Complaint.

6.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 6 of the Complaint.

7.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 7 of the Complaint.

8.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 8 of the Complaint.

9.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 9 of the Complaint.

10.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 10 of the Complaint.

11.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 11 of the Complaint.

12.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 13 of the Complaint.

14.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 14 of the Complaint.

15.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 15 of the Complaint.

16.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 16 of the Complaint.

17.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 17 of the Complaint, except admit that Live Well filed for bankruptcy.

18.     Paragraph 18 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint is a statement of the relief the Trustee seeks in this action, to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint and respectfully refer the Court to the Complaint for the full contents thereof.

## JURISDICTION AND VENUE

20.     Paragraph 20 of the Complaint sets forth a legal conclusion to which no answer is required.

21.     Paragraph 21 of the Complaint sets forth a legal conclusion to which no answer is required.

22.     Paragraph 22 of the Complaint sets forth a legal conclusion to which no answer is required.

23.     Paragraph 23 of the Complaint is a statement of the Trustee's intent to which no answer is required.

## PARTIES

24.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 25 of the Complaint.

26.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 26 of the Complaint.

27.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 27 of the Complaint.

28.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 28 of the Complaint.

29.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 29 of the Complaint.

30.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 30 of the Complaint, except admit that Five Elms Equity Fund I, L.P. was a preferred stockholder of Live Well.

31.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 31 of the Complaint, except admit that Five Elms Haakon, L.P. was a preferred stockholder of Live Well.

32.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 32 of the Complaint, except admit that Five Elms Coinvest, L.P. was a preferred stockholder of Live Well.

33.     The Answering Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34.     The Answering Defendants admit the allegations set forth in Paragraph 34 of the Complaint.

35.     The Answering Defendants admit the allegations set forth in Paragraph 35 of the Complaint.

36.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 36 of the Complaint, except respectfully refer the Court to the Complaint for the term definitions used and deny that the Answering Defendants are associated or affiliated with any other party in this case.

37.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 37 of the Complaint.

## **RELEVANT THIRD PARTIES**

38.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 38 of the Complaint, except, upon information and belief, admit that Hild was the Chairman and CEO of Live Well and was convicted by a jury of his peers in the District Court for the Southern District of New York on or about April 30, 2021.

39.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 39 of the Complaint, except, upon information and belief, admit that Rohr was the CFO of Live Well and pleaded guilty to crimes on or about August 23, 2019.

40.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 40 of the Complaint, except, upon information and belief, admit that Stumberger pleaded guilty to crimes on or about August 27, 2019.

41.     Paragraph 41 is a statement of a definitional term to which no answer is required.

## FACTUAL ALLEGATIONS

### I.    Live Well, a Delaware Corporation, is Established as a Reverse Mortgage Lender.

42.    Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 42 of the Complaint.

43.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 43 of the Complaint.

44.    Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 44 of the Complaint, except admit, upon information and belief, that Live Well was involved in reverse mortgages.

45.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 45 of the Complaint except admit, upon information and belief, that Live Well was among the top reverse mortgage companies in the nation by volume.

46.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 46 of the Complaint.

47.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 47 of the Complaint, except admit that Live Well sought to raise capital through the issuance of preferred stock, and admit, upon information and belief, that pursuant to the Series A Preferred Stock Purchase Agreement, North Hill and LLWFVEST's predecessors-in-interest were each entitled to appoint one director to Live Well's board of directors.

48.    Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 48 of the Complaint.

49.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 49 of the Complaint, except admit, upon information and belief, that Hild was a member of Live Well's board and was the company's CEO.

50.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 50 of the Complaint, except admit, upon information and belief, that Rome and Karides were to resign from the Live Well board as a condition for the preferred stock transaction.

51.     Paragraph 51 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 51 of the Complaint.

## II.     The Directors Sign Off on Live Well's New Investment Line of Business.

52.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 52 of the Complaint.

53.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 53 of the Complaint.

54.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 54 of the Complaint.

55.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 55 of the Complaint.

56.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 56 of the Complaint.

57.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 57 of the Complaint.

58.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 58 of the Complaint, except admit, upon information and belief, that repo agreements are a form of short- term financing structured as the sale and repurchase of the security and that in a repo agreement, the seller of a security agrees to buy it back from the purchaser at a specified price and time, and to pay a specified interest rate when repurchasing the security.

59.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 59 of the Complaint.

60.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 60 of the Complaint.

61.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 61 of the Complaint.

62.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 62 of the Complaint.

63.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 63 of the Complaint.

64.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 64 of the Complaint.

65.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 65 of the Complaint.

III.    **Live Well's Bond Investment Business Creates Liquidity Issues for the Company.**

66.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 66 of the Complaint.

67.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 67 of the Complaint.

68.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 68 of the Complaint.

69.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 69 of the Complaint.

IV.    **The Criminal Insiders Perpetrate a Fraudulent Price-Fixing Scheme That Sinks Live Well While the Directors Look the Other Way.**

70.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 70 of the Complaint.

A.    **The Criminal Insiders Used Their Newfound Ability to Manipulate the Bond Prices to Avoid Margin Payments.**

71.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 71 of the Complaint.

72.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 72 of the Complaint.

73.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 73 of the Complaint.

74.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 74 of the Complaint.

75.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 75 of the Complaint.

**B.    The Directors Knew Hild had Misrepresented the Risks Associated with Live Well's Bond Business by at Least the Summer of 2015.**

76.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 76 of the Complaint.

77.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 77 of the Complaint.

78.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 78 of the Complaint.

79.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 79 of the Complaint.

80.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 69 of the Complaint.

**C.    The Criminal Insiders Expand the Fraudulent Price-Fixing Scheme While the Directors Continue to Look the Other Way.**

81.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 81 of the Complaint.

82.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 82 of the Complaint.

83.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 83 of the Complaint.

84.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 84 of the Complaint.

85.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 85 of the Complaint.

86.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 86 of the Complaint.

87.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 87 of the Complaint.

88.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 88 of the Complaint.

89.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 89 of the Complaint.

90.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 90 of the Complaint.

91.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 91 of the Complaint.

92.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 92 of the Complaint.

93.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 93 of the Complaint.

94.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 94 of the Complaint.

95.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 95 of the Complaint.

96.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 96 of the Complaint.

97.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 97 of the Complaint.

98.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 98 of the Complaint.

99.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 99 of the Complaint.

100.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 100 of the Complaint.

101.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 101 of the Complaint.

102.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 102 of the Complaint.

103.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 103 of the Complaint.

104.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 104 of the Complaint.

105.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 105 of the Complaint.

106.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 106 of the Complaint.

107.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 107 of the Complaint.

108.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 108 of the Complaint.

109.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 109 of the Complaint.

110.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 110 of the Complaint.

## V.      The Directors Breach their Fiduciary Duties of Good Faith and Loyalty by Handing Complete Control of Live Well to Hild with Knowledge that He Intended to Loot the <u>Company.</u>

111.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 111 of the Complaint.

### A.      Hild's Demand for Unreasonable Compensation Creates a Corporate Governance Crisis.

112.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 112 of the Complaint.

113.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 113 of the Complaint.

114.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 114 of the Complaint.

115.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 115 of the Complaint.

116.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 116 of the Complaint.

117.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 117 of the Complaint.

118.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 118 of the Complaint.

119.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 119 of the Complaint.

120.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 120 of the Complaint.

121.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 121 of the Complaint.

122.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 122 of the Complaint.

123.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 123 of the Complaint.

124.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 110 of the Complaint.

125.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 125 of the Complaint.

126.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 126 of the Complaint.

127.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 127 of the Complaint.

**B.     The Directors Breach their Fiduciary Duties in Connection with the Preferred Stock Repurchase.**

128.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 128 of the Complaint.

129.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 129 of the Complaint.

130.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 130 of the Complaint.

131.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 131 of the Complaint.

132.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 132 of the Complaint.

133.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 133 of the Complaint.

134.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 134 of the Complaint.

135.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 135 of the Complaint.

136.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 136 of the Complaint.

137.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 137 of the Complaint.

138.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 138 of the Complaint.

139.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 139 of the Complaint, except admit that Live Well agreed to repurchase the outstanding preferred stock.

140.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 140 of the Complaint.

141.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 141 of the Complaint.

142.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 141 of the Complaint, except admit that the "Preferred Stock Repurchase" closed on or about September 30, 2016, that Brown received $1,176,457.40 in cash and a $718,946.19 note, that Gantcher received $450,000 in cash and a $275,000 note, that Legoff received $179,596.41 in cash and a $109,753.36 note, and upon information and belief, Rome and Karides resigned from the board.

143.    Paragraph 143 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 143, except the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations that Live Well was hopelessly insolvent at the time of the transaction, that there existed a fraudulent bond price-fixing scheme, and whether each of the Directors knew of, should have known of, or willfully blind of the alleged scheme.

144.    Paragraph 144 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 144, except the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegation that each of Rome, Karides, Cantor, and Hild participated in or approved the Preferred Stock Repurchase for his own individual benefit and to the detriment of Live Well.

145.    Paragraph 145 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 145, except the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations that Rome and Karides accepted and supported the Preferred Stock Repurchase as a quid pro quo for their resignations from the board, and that they cashed out their preferred stock in Live Well for a substantial profit and in exchange for giving Hild reign to loot the company.

146.    Paragraph 146 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 146, except the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations concerning Hild's knowledge and the source of funds to repurchase preferred stock.

147.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 147 of the Complaint.

148.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 148 of the Complaint.

149.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 149 of the Complaint.

150.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 150 of the Complaint.

151.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 151 of the Complaint.

152.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 152 of the Complaint.

153.     Paragraph 153 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 153.

**VI.     Cantor Continues to Breach His Fiduciary Duties to Live Well Until the Company Finally Collapses Under the Weight of the Bond Fraud.**

154.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 154 of the Complaint.

155.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 155 of the Complaint.

156.      The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 156 of the Complaint.

157.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 157 of the Complaint.

158.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 158 of the Complaint.

159.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 159 of the Complaint.

160.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 160 of the Complaint.

161.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 161 of the Complaint.

162.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 162 of the Complaint.

163.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 163 of the Complaint.

164.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 164 of the Complaint.

165.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 165 of the Complaint.

166.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 166 of the Complaint.

167.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 167 of the Complaint.

168.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 168 of the Complaint.

## VII.    The Fraud is Revealed, Live Well Collapses into Bankruptcy, and the Criminal Insiders are Convicted.

169.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 169 of the Complaint.

170.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 170 of the Complaint.

171.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 171 of the Complaint.

172.    The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 172 of the Complaint.

173.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 173 of the Complaint.

174.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 174 of the Complaint.

175.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 175 of the Complaint.

176.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 176 of the Complaint.

177.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 177 of the Complaint.

178.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 178 of the Complaint.

179.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 179 of the Complaint.

180.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 180 of the Complaint, and respectfully refer the Court to the Indictment referenced therein for the full contents thereof.

181.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 181 of the Complaint, and respectfully refer the Court to the announcement referenced therein for the full contents thereof.

182.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 182 of the Complaint.

183.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 183 of the Complaint, and respectfully refer the Court to the plea allocution referred to therein for the full contents thereof.

184.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 183 of the Complaint, and respectfully refer the Court to the plea allocution referred to therein for the full contents thereof.

185.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 185 of the Complaint, and respectfully refer the Court to the complaint referred to therein for the full contents thereof.

186.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 186 of the Complaint, except admit, upon information and belief, that Hild went on trial in the District Court for the Southern District of New York.

187.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 187 of the Complaint.

188.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 188 of the Complaint, except admit, upon information and belief, that a jury unanimously found Hild guilty on all counts charged.

189.     Paragraph 189 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 189.

190.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 190 of the Complaint.

191.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 191 of the Complaint.

**VIII.     Five of the Preferred Stockholders File Claims in Live Well's Bankruptcy.**

192.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 191 of the Complaint.

193.     Paragraph 193 of the Complaint is a statement of the relief the Trustee seeks in this action, to which no answer is required.

**CAUSES OF ACTION**

**COUNT 1**
**(Breach of Fiduciary Duty Against Rome and Karides)**

194.     The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

195.     Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 195 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 195 of the Complaint.

196.    Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 196 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 196 of the Complaint.

197.    Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 197 sets forth a legal conclusion and, therefore, no answer Count 1 is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 197 of the Complaint.

198.    Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 198 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 198 of the Complaint.

199.    Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 199 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 199 of the Complaint.

200.    Count 1 of the Complaint is not directed towards the Answering Defendants and Paragraph 200 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 200 of the Complaint.

## COUNT 2
### (Breach of Fiduciary Duty Against Cantor)

201.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

202.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 202 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 202 of the Complaint.

203.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 203 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 203 of the Complaint.

204.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 204 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 204 of the Complaint.

205.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 205 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 205 of the Complaint.

206.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 206 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 206 of the Complaint.

207.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 207 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 207 of the Complaint.

208.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 208 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 208 of the Complaint.

209.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 209 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 209 of the Complaint.

210.    Count 2 of the Complaint is not directed towards the Answering Defendants and Paragraph 210 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 210 of the Complaint.

**COUNT 3**
**(Unlawful Stock Repurchase Pursuant to 8 Del. C. § 174**
**Against Cantor, Karides, and Rome)**

211.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

212.     Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 212 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 212 of the Complaint.

213.     Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 213 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 213 of the Complaint.

214.     Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 214 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 214 of the Complaint, except deny that the preferred stock the Answering Defendants sold in the Preferred Stock Repurchase was worthless or that Live Well did not receive reasonably equivalent value.

215.     Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 215 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 215 of the Complaint.

216.     Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 216 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 216 of the Complaint.

217.    Count 3 of the Complaint is not directed towards the Answering Defendants and Paragraph 217 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 217 of the Complaint.

## COUNT 4
### (Aiding and Abetting Breach of Fiduciary Duty
### Against LWFVEST, LLC and North Hill Ventures II, LP)

218.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

219.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 219 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 219 of the Complaint.

220.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 220 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 220 of the Complaint.

221.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 221 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 221 of the Complaint.

222.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 222 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 222 of the Complaint.

223.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 223 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 223 of the Complaint.

224.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 224 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 224 of the Complaint.

225.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 225 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 225 of the Complaint.

226.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 226 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 226 of the Complaint.

227.    Count 4 of the Complaint is not directed towards the Answering Defendants and Paragraph 227 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 227 of the Complaint.

**COUNT 5**
**(Avoidance of the Release as Constructively Fraudulent Under**
**11 U.S.C. § 544 and Applicable State Law, Including Without**
**Limitation 6 Del. Code § 1301, et seq. and Va. Code Ann. § 55.1-400, *et seq*.)**

228.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

229.    Paragraph 229 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 229 and respectfully refer the Court to the Release referred to therein for the full contents thereof.

230.    Paragraph 230 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 230.

231.    Paragraph 231 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 231 of the Complaint.

232.    Paragraph 232 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 226 of the Complaint.

233.    Paragraph 233 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 233, except deny knowledge or information sufficient to form a belief concerning the truth of the alleged fraud, criminal conduct, and other misconduct detailed in the Complaint.

234.    Paragraph 234 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 234 of the Complaint.

235.    Paragraph 235 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 235 of the Complaint.

236.    Paragraph 236 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 236.

**COUNT 6**
**(Avoidance of Release as Actually Fraudulent Under**
**11 U.S.C. § 544 and Applicable State Law, Including Without**
**Limitation 6 Del. Code § 1301, et seq. and Va. Code Ann. § 55.1-400, *et seq*.)**

237.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

238.    Paragraph 238 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 238 and respectfully refer the Court to the Release referred to therein for the full contents thereof.

239.    Paragraph 239 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 239 of the Complaint.

240.    Paragraph 240 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 240 of the Complaint.

241.    Paragraph 241 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 241 of the Complaint.

242.    Paragraph 242 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 242 of the Complaint.

243.    Paragraph 243 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 243.

**COUNT 7**
**(Avoidance and Recovery of Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 and Applicable State Law, Including Without Limitation 6 Del. Code § 1301, *et seq*. and Va. Code Ann. § 55.1-400, *et seq*., Against Cantor)**

244.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

245.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 245 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 245 of the Complaint.

246.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 246 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 246 of the Complaint.

247.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 247 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 247 of the Complaint.

248.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 248 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 248 of the Complaint.

249.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 249 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 249 of the Complaint.

250.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 250 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 250 of the Complaint.

251.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 251 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 251 of the Complaint.

252.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 252 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 252 of the Complaint.

253.    Count 7 of the Complaint is not directed towards the Answering Defendants and Paragraph 253 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 253 of the Complaint.

**COUNT 8**
**(Avoidance and Recovery of Transfers as Actually Fraudulent Under 11 U.S.C. §§ 544 and 550 and Applicable State Law, Including Without Limitation 6 Del. Code § 1301, *et seq.* and Va. Code Ann. § 55.1-400, *et seq.* Against Cantor)**

254.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

255.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 255 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 255 of the Complaint.

256.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 256 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 256 of the Complaint.

257.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 257 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 257 of the Complaint.

258.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 258 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 258 of the Complaint.

259.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 259 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 259 of the Complaint.

260.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 260 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 260 of the Complaint.

261.    Count 8 of the Complaint is not directed towards the Answering Defendants and Paragraph 261 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 261 of the Complaint.

### COUNT 9
**(Avoidance and Recovery of Transfers as Constructively Fraudulent Under Applicable State Law, Including Without Limitation 6 Del. Code § 1301, *et seq*. and Va. Code Ann. § 55.1-400, *et seq*., Against Title Works of Virginia, Inc.)**

262.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

263.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 263 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 263 of the Complaint.

264.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 264 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 264 of the Complaint.

265.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 265 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 265 of the Complaint.

266.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 266 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 266 of the Complaint.

267.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 267 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 267 of the Complaint.

268.    Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 268 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 268 of the Complaint.

269.   Count 9 of the Complaint is not directed towards the Answering Defendants and Paragraph 269 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 269 of the Complaint.

**COUNT 10**
**(Avoidance and Recovery of Transfers as Actually Fraudulent Under Applicable State Law, Including Without Limitation 6 Del. Code § 1301, *et seq*. and Va. Code Ann. § 55.1-400, *et seq*. Against Title Works of Virginia, Inc.)**

270.   The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

271.   Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 271 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 271 of the Complaint.

272.   Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 272 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 272 of the Complaint.

273.   Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 273 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 273 of the Complaint.

274.     Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 274 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 274 of the Complaint.

275.     Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 275 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 275 of the Complaint.

276.     Count 10 of the Complaint is not directed towards the Answering Defendants and Paragraph 276 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 276 of the Complaint.

**COUNT 11**
**(Avoidance and Recovery of Transfers as Actually Fraudulent Under 11 U.S.C.**
**§§ 548(a)(1)(A) and 550 Against the Preferred Stockholders)**

277.     The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

278.     The Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 278 of the Complaint, except deny that Exhibit B relates to Transfers to the Answering Defendants and affirmatively state that the Answering Defendants received the interest payments referenced for each in Exhibit A to the Complaint.

279.     Paragraph 279 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 279 of the Complaint, except admit that prior to being paid, Live Well had an interest in the assets paid as interest to the Answering Defendants.

280.     Paragraph 280 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 280 of the Complaint, except deny knowledge or information sufficient to form a belief concerning the Live Well's intent in paying interest to the Answering Defendants.

281.     Paragraph 281 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 281 of the Complaint.

282.     Paragraph 282 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 282 of the Complaint.

283.     Paragraph 283 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 283.

## COUNT 12
### (Unjust Enrichment Against the Preferred Stockholders)

284.     The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

285.    Paragraph 285 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 285 of the Complaint, except deny that the Answering Defendants were unjustly enriched from Live Well's repurchase of their preferred stock and in their receipt promissory notes and deny that their receipt is void as a matter of law.

286.    Paragraph 286 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 286 of the Complaint.

287.    Paragraph 287 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 287 of the Complaint.

288.    Paragraph 288 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 288 of the Complaint.

289.    Paragraph 289 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 289 of the Complaint.

290.     Paragraph 290 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 290 of the Complaint.

291.     Paragraph 291 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 291, except admit that Brown received $1,176,457.40 in cash at the closing of the Preferred Stock Repurchase plus $107,841.90 in interest payments on a $718,946.19 note.

292.     Paragraph 291 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 291, except admit that Gantcher received $450,000.00 in cash received at the closing of the Preferred Stock Repurchase plus $41,250.01 in interest payments on a $275,000 note.

293.     Paragraph 291 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 291, except admit that Legoff received $179,596.41 in cash received at the closing of the Preferred Stock Repurchase plus $16,463.01 in interest payments on a $109,753.36 note.

294.     Paragraph 294 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 294 of the Complaint.

295.    Paragraph 295 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 295 of the Complaint.

296.    Paragraph 296 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 296, except deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations concerning Live Well's borrowing and whether it dissipated assets.

297.    Paragraph 297 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 297 of the Complaint.

298.    Paragraph 298 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 298 of the Complaint, except deny knowledge or information sufficient to form a belief concerning the Live Well's intent.

299.    Paragraph 299 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, the Answering Defendants deny each and every allegation set forth in Paragraph 299 of the Complaint.

## COUNT 13
### (Equitable Subordination Against LWFVEST, LLC, North Hill Ventures II, LP, Five Elms Equity Fund I, L.P., Five Elms Haakon, L.P., and Five Elms Coinvest, L.P.)

300.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

301.    Count 13 of the Complaint is not directed towards the Answering Defendants and Paragraph 301 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 301 of the Complaint.

302.    Count 13 of the Complaint is not directed towards the Answering Defendants and Paragraph 302 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 302 of the Complaint.

303.    Count 13 of the Complaint is not directed towards the Answering Defendants and Paragraph 303 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 303 of the Complaint.

304.    Count 13 of the Complaint is not directed towards the Answering Defendants and Paragraph 304 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 304 of the Complaint.

305.    Paragraph 305 of the Complaint is a statement of the relief the Trustee seeks in this action, to which no answer is required.

**COUNT 14**
**(Objection to Claims Against LWFVEST, LLC, North Hill Ventures II, LP, Five Elms Equity Fund I, L.P., Five Elms Haakon, L.P., and Five Elms Coinvest, L.P.)**

306.    The Answering Defendants repeat and reallege their answers set forth above as if fully set forth herein.

307.    Count 14 of the Complaint is not directed towards the Answering Defendants and Paragraph 307 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an

answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 307 of the Complaint.

308.    Count 14 of the Complaint is not directed towards the Answering Defendants and Paragraph 308 sets forth a legal conclusion and, therefore, no answer is required.  To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 308 of the Complaint.

## TOLLING OF LIMITATIONS

309.    Paragraph 309 sets forth a legal conclusion and, therefore, no answer is required.

310.    Paragraph 310 sets forth a legal conclusion and, therefore, no answer is required. To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 310 of the Complaint.

311.    Paragraph 311 sets forth a legal conclusion and, therefore, no answer is required. To the extent an answer is required, the Answering Defendants deny knowledge or information sufficient to form a belief concerning the truth of the factual allegations set forth in Paragraph 311 of the Complaint.

312.    Point headings from the Complaint are included herein as a matter of convenience. To the extent that the headings constitute additional fact allegations, they are each denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims against the Answering Defendants are barred, in whole or part, because the Answering Defendants were not involved in any attempt to hinder or defraud creditors and were entitled receive payment in exchange for their preferred stock.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims against the Answering Defendants are barred, in whole or part, because intent to commit actual fraud cannot be imputed to the Debtor.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or part under claims under 11 U.S.C. § 546(e) as the consideration received for the preferred stock constituted securities settlement payments in connection with securities contracts.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or part under claims under 11 U.S.C. § 548(c), Del. Code § 1308 and Va. Code Ann. § 55.1-400 as the Answering Defendants took any transfers or payments for value and in good faith.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or part under the time limitation period set forth in 11 U.S.C. § 548(a).

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or part because the consideration provided was valuable in law.

*[INTENTIONALLY LEFT BLANK]*

**WHEREFORE**, the Answering Defendants respectfully requests the entry of an Order (a) dismissing the Complaint with prejudice; (b) granting the Defendant its costs incurred in defending this action, including attorney fees; and (c) granting such other and further relief as this Court deems just and proper.

Dated: September 8, 2021
   Wilmington, Delaware         **CHIPMAN BROWN CICERO & COLE, LLP**

         */s/ William E. Chipman, Jr.*
         William E. Chipman, Jr. (No. 3818)
         Hercules Plaza
         1313 North Market Street, Suite 5400
         Wilmington, Delaware 19801
         Telephone:  (302) 295-0191
         Email:    chipman@chipmanbrown.com

             —and—

         Adam D. Cole (*Pro Hac Vice* Admission Pending)
         501 5th Avenue, 15th Floor
         New York, New York 10017
         Telephone:  (646) 685-8363
         Email:    cole@chipmanbrown.com

         *Counsel for Defendants James Brown, Gantcher Family Limited Partnership, and Eric Legoff*