# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>LIVE WELL FINANCIAL, INC.,<br>　　　Debtor. | Chapter 7<br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, as Chapter 7 Trustee of LIVE WELL FINANCIAL, INC.,<br>　　　Plaintiff,<br>v.<br>STUART H. CANTOR, JAMES P. KARIDES, BRETT J. ROME, LWFVEST, LLC, NORTH HILL VENTURES II, LP, FIVE ELMS EQUITY FUND I, L.P., FIVE ELMS HAAKON, L.P., FIVE ELMS COINVEST, L.P., JAMES BROWN, GANTCHER FAMILY LIMITED PARTNERSHIP, ERIC LEGOFF, and TITLE WORKS OF VIRGINIA, INC., and JOHN DOES 1–10,<br>　　　Defendants. | Adv. Pro No. 21-50990 (LSS) |

## MEMORANDUM OF LAW IN SUPPORT OF TITLEWORKS OF VIRGINIA, INC.'S MOTION TO DISMISS COMPLAINT

Dated: September 9, 2021
Wilmington, Delaware

Robert J. Stearn, Jr. (No. 2915)
Cory D. Kandestin (No. 5025)
J. Zachary Noble (No. 6689)
**RICHARDS, LAYTON & FINGER, P.A.**
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
stearn@rlf.com
kandestin@rlf.com
noble@rlf.com

-and-

Dion W. Hayes (*pro hac vice* to be filed)
Joseph S. Sheerin (*pro hac vice* to be filed)
**McGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
dhayes@mcguirewoods.com
jsheerin@mcguirewoods.com

*Counsel to TitleWorks of Virginia, Inc.*

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  FACTUAL BACKGROUND .................................................................................... 3

III. ARGUMENT ............................................................................................................. 3

    A.  The Court Should Dismiss Counts 9 and 10 of the Complaint Because the Trustee Is Barred From Avoiding and Recovering Transfers Not Made by the Debtor. ......................................................................................................... 4

        1.  Plaintiff is Barred from Avoiding Transfers Made by a Non-Debtor. ............................................................................................. 4

        2.  Plaintiff is Barred from Recovering Transfers Made by a Non-Debtor. ............................................................................................. 5

    B.  The Court Should Dismiss Count 9 of the Complaint Because Plaintiff Fails to State a Claim for the Avoidance and Recovery of Constructive Fraudulent Transfers Against Defendant. .............................................................. 8

        1.  Plaintiff Has Failed to Allege Facts Sufficient to Establish that the Transferor Failed to Receive the Required Lack of Value in Exchange for each Transfer. ................................................................... 9

        2.  Plaintiff Has Failed to Allege Facts Sufficient to Establish the Transferor's Financial Condition at the Time of Each Transfer. .............. 10

    C.  The Court Should Dismiss Count 10 of the Complaint Because Plaintiff Fails to State a Claim for the Avoidance and Recovery of Intentionally Fraudulent Transfers Against Defendant. ........................................................... 12

IV.  CONCLUSION ........................................................................................................ 16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2009)..................................................................................................4

*C-T of Va., Inc. v. Euroshoe Assoc. Ltd. P'ship*,
   No. 91-1578, 1992 U.S. App. LEXIS 1029 (4th Cir. Jan. 29, 1992).........................9

*Crystallex Int'l Corp. v. Petróleos de Venez., S.A.*,
   879 F.3d 79 (3d Cir. 2018)........................................................................................5

*Fox Rest Assocs., L.P. v. Little*,
   282 Va. 277, 285, 717 S.E.2d 126 (2011)………………………………………14

*Gottlieb v. Thatcher*,
   151 U.S. 271 (1894)................................................................................................15

*Grayson v. Westwood Bldgs. L.P.*,
   859 S.E. 2d 651 (Va. 2021)..................................................................................7, 15

*Jalbert v. Flanagan (In re F-Squared Inv. Mgmt., LLC)*,
   600 B.R. 294 (Bankr. D. Del. 2019) .........................................................................9

*Jalbert v. Souza (In re F-Squared Inv. Mgmt., LLC)*,
   2019 Bankr. LEXIS 2817 (Bankr. D. Del. 2019) ............................................10, 11

*La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*,
   294 Va. 243, 805 S.E.2d 399 (2017)........................................................................7

*Lake Treasure Holdings, Ltd. v. Foundry Hill GP LLC*,
   C.A. No. 6546-VCl, 2014 Del. Ch. LEXIS 205, *44 (Del. Ch. Oct. 10, 2014) .......6

*Mervyn's LLC v. Lubert-Adler Group IV, LLC (In re Mervyn's Holdings, LLC)*,
   426 B.R. 96 (Bankr. D. Del. 2010) ...........................................................................3

*Miller v. Matco Elec. Corp.* (*In re Newstarcom Holdings Inc.*),
   816 F. App'x 675 (3d. Cir. 2020) .........................................................................4, 5

*Mills v. Miller Harness Co.*,
   229 Va. 155, 326 S.E.2d 665 (1985).........................................................................7

*Shaia v. Meyer (In re Meyer)*,
   244 F.3d 352 (4th Cir. 2001) ..................................................................................................9

*In re WBS, LC*,
   2013 Bankr. LEXIS 1359 (Bankr. E.D. Va. Apr. 3, 2013) ......................................................5

*Yelverton v. Homes at Potomac Greens Assocs. Ltd. P'ship (In re Yelverton)*,
   No. 09-00414, 2010 Bankr. LEXIS 1339 (Bankr. D.D.C. Apr. 21, 2010) .............................11

**Statutes**

6 *Del. C.* § 1304 ...................................................................................................................8, 12, 13

6 *Del. C.* § 1304(b) ......................................................................................................................13

6 *Del. C.* § 1307 .............................................................................................................................6

11 U.S.C. § 544 .........................................................................................................................11, 12

Virginia Code Ann. § 55.1-400..............................................................................................7, 13, 14

Virginia Code Ann. § 55.1-401.......................................................................................................7, 8

**Other Authorities**

Federal Rule of Civil Procedure 9(b)..............................................................................................12

Federal Rule of Bankruptcy Procedure 7012(b) ..............................................................................1

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 3, 4

TitleWorks of Virginia, Inc. (the "Defendant"), by and through its undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to the captioned adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, moves for an order dismissing the complaint filed by the captioned plaintiff (the "Plaintiff") against Defendant (the "Complaint") because the Complaint fails to state a claim upon which relief can be granted.[1]

## I.    PRELIMINARY STATEMENT

As trustee of the bankruptcy estate of Live Well Financial, Inc. ("Live Well") for the past two years, Plaintiff has been provided a full and fair opportunity to investigate potential claims, including claims to avoid and recover transfers of Live Well's property. However, Plaintiff's attempt to recover funds that he concedes were *pass through* payments allegedly made by non-debtors to a title company lacks any legal merit. *See* Complaint, ¶ 154 ("[O]ver $6.6 million . . . passed through Title Works . . . in connection with various real estate deals . . . ."). Defendant provided market rate escrow services and never obtained an ownership interest in any of the funds at issue. Yet Plaintiff presses forward with his effort to recover these funds from Defendant, which never owned them, even though Plaintiff is simultaneously attempting to recover the same funds from actual parties to the transactions. *See Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253). The Court should reject this flawed attempt to hold Defendant accountable for the alleged wrongs of others.

Plaintiff's Complaint against Defendant is not only inequitable, but also implausible, as Plaintiff does not seek to avoid and recover any transfer of *Live Well's* property to Defendant. Instead, Plaintiff seeks to avoid transfers allegedly made by *non-debtors* (Michael Hild or

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Complaint.

unidentified "entities that he owned or controlled"), and then recover those transfers not for the transferor(s), but for himself—a remedy beyond the ken of fraudulent transfer law.  In addition, Plaintiff cannot meet the elements of his constructive fraudulent transfer claim, as he does not allege that the transferor(s) (again, whom are not specifically identified by name) failed to receive reasonably equivalent value when they transacted with a title services company, or were financially distressed.  Nor does Plaintiff meet the elements of his intentional fraudulent transfer claim, as Plaintiff fails to adequately allege any badges of fraud for the unspecified transferor(s).

Plaintiff's claim against Defendant is especially implausible given Plaintiff's concessions that Defendant is a "title company" and such alleged funds represent "pass[] through" payments related to real estate transactions between Hild and third-parties.  Complaint, ¶ 154.  Defendant thus requests the Court to dismiss the Complaint in its entirety against Defendant because Plaintiff has failed to provide required factual allegations and legal support for the relief requested therein.  In dismissing this Complaint, the Court would vindicate the fundamental principles of fraudulent transfer law while still allowing Plaintiff to attempt to recover such amounts from the alleged unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") in a separate proceeding.  *See Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"); *see also id*. at ¶¶ 393-437 (seeking monetary and equitable relief from defendants in that action regarding same).

## II.  FACTUAL BACKGROUND

On June 10, 2019, three creditors filed an involuntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against Live Well in this Court. On July 1, 2019, the Court entered an order for relief commencing the above-captioned bankruptcy case.

On June 29, 2021, Plaintiff filed the Complaint asserting two counts against Defendant. In Count 9 of the Complaint, Plaintiff seeks to avoid and recover approximately $6.6 million in alleged transfers from unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") to Defendant (individually, a "Transfer" and collectively, the "Transfers") as constructively fraudulent transfers under Delaware and Virginia law. In Count 10 of the Complaint, Plaintiff seeks to avoid and recover the alleged Transfers to Defendant as intentional fraudulent transfers under Delaware and Virginia law. However, Plaintiff in the Complaint concedes that Defendant is a title company and that the funds at issue merely "passed through" Defendant, as they were used to consummate real estate transactions involving Michael Hild and unidentified third parties. Complaint ¶¶ 37, 154.[2]

## III.  ARGUMENT

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. The U.S. Supreme Court has repeatedly warned plaintiffs that the Federal Rules of Civil Procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked

---

[2] Plaintiff's concessions in the Complaint that Defendant is a title company and that the funds at issue merely "passed through" Defendant likely prohibit the assertion of a fraudulent transfer claim altogether. *Mervyn's LLC v. Lubert-Adler Group IV, LLC (In re Mervyn's Holdings, LLC)*, 426 B.R. 96, 102 (Bankr. D. Del. 2010) (granting motion to dismiss fraudulent transfer complaint against financial intermediary because "[w]hen A gives a check to B as agent for C, then C is the 'initial transferee'; the agent [B] may be disregarded." (internal citations omitted)).

assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing, *inter alia*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and punctuation omitted)). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the plaintiff's complaint in accordance with the "facial plausibility" standard needed to overcome a motion to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S., at 678 (internal citations and punctuation omitted).

Finally, the Supreme Court has described the "facial plausibility" standard as "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. For the reasons stated below, the Court should dismiss the Complaint's claims against Defendant in their entirety.

**A. The Court Should Dismiss Counts 9 and 10 of the Complaint Because the Trustee Is Barred From Avoiding and Recovering Transfers Not Made by the Debtor.**

Plaintiff may only survive a motion to dismiss upon persuading the Court that the Complaint states a facially plausible claim to (1) avoid transfers made by a non-debtor and also to (2) recover for itself transfers made by non-debtors. Plaintiff is barred from doing either.

1. Plaintiff is Barred from Avoiding Transfers Made by a Non-Debtor.

"Fraudulent transfer liability under DUFTA does not attach to a transfer by a *non-debtor*." *Miller v. Matco Elec. Corp.* (*In re Newstarcom Holdings Inc.*), 816 F. App'x 675, 678 (3d. Cir. 2020) (emphasis in original). Likewise, "federal bankruptcy law does not impose

4

liability for transfers of *non-debtor* property." *Newstarcom,* 816 F. App'x at 675. (emphasis in original). In *Newstarcom*, the chapter 7 trustee sought to avoid a transfer by debtor's non-debtor subsidiary to insiders under an asset purchase agreement. *Id.* On review, the Third Circuit upheld the lower court's granting of a motion to dismiss such claim because the transferor was a non-debtor. *Id.*; *Crystallex Int'l Corp. v. Petróleos de Venez., S.A.*, 879 F.3d 79, 81, 84−86 (3d Cir. 2018)); *In re WBS, LC*, 2013 Bankr. LEXIS 1359, at *10 (Bankr. E.D. Va. Apr. 3, 2013) ("[the] fraudulent transfer claims … against the non-debtor movants are not property of the WBS estate and do not belong to the trustee …").

In Counts 9 and 10, Plaintiff does not allege any transfers by the debtor, Live Well. Rather, Plaintiff alleges that "Hild made, or caused entities that he owned or controlled to make, each of the transfers listed on Exhibit A...." Complaint ¶ 264. Just like in *Newstarcom*, this omission dooms Counts 9 and 10.

2. Plaintiff is Barred from Recovering Transfers Made by a Non-Debtor.

Again, Plaintiff in his Complaint seeks to avoid transfers allegedly made by unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") to Defendant, and then immediately order Defendant to transfer new funds not to the alleged non-debtor transferor(s), but instead directly to Plaintiff. However, Plaintiff is barred from recovering the Transfers from Defendant under both Delaware law and Virginia law.

First, Delaware law does not provide for Plaintiff's direct recovery of an avoided transfer from Defendant:

> In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in § 1308 of this title, may obtain:
> (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

5

> (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by applicable law ...

6 *Del. C.* § 1307.[3]

As the Delaware Court of Chancery has explained, 6 *Del. C.* § 1307 "contemplates remedies that include the '[a]voidance of the transfer or obligation to the extent necessary' … to 'put a creditor in the position she would have been in had the fraudulent transfer not occurred.'" *Lake Treasure Holdings, Ltd. v. Foundry Hill GP LLC*, C.A. No. 6546-VCl, 2014 Del. Ch. LEXIS 205, at *44 (Del. Ch. Oct. 10, 2014). Here, Plaintiff has stated that certain unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") are the "transferor" for purposes of the Complaint. Thus, the Complaint goes well beyond placing Plaintiff in the position he (or his predecessor Live Well) would have been if the Transfers had not occurred. This is especially true given that Plaintiff has not alleged a judgment against any transferor(s) for any amount and has conceded that TitleWorks is a "title company" and that the Transfers represent "pass[] through" payments related to real estate properties that are now allegedly held by such transferor(s) against whom Plaintiff is seeking relief in a separate proceeding. Complaint, ¶ 154; *see also Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"); *see also id*. at ¶¶ 393-437 (seeking monetary and equitable relief from defendants in that action regarding same). Thus, Delaware law does not provide for Plaintiff's recovery from Defendant.

---

[3] Although 6 *Del. C.* § 1307 prescribes certain additional forms of relief, "subject to applicable principles of equity and in accordance with applicable rules of civil procedure," such provision is inapplicable here because Plaintiff is seeking monetary (and not equitable) relief from Defendant.

6

Similarly, Plaintiff's attempt to avoid and recover the Transfers as "fraudulent conveyances" under Virginia Code Ann. § 55.1-400 and as "voluntary conveyances" under Virginia Code Ann. § 55.1-401 is prohibited under Virginia law. As the Supreme Court of Virginia recently explained,

> [b]oth statutes contain a specific remedy — a judicial decree declaring the conveyance void as to the transferor's creditors. 'This remedy returns the fraudulently conveyed assets to the transferor, but, as a general rule, it does not 'authorize a court to award an *in personam* judgment when the transaction is set aside.''

*Grayson v. Westwood Bldgs. L.P.,* 859 S.E. 2d 651, 665 (Va. 2021) (citing *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 256, 805 S.E.2d 399 (2017) (alteration omitted) (quoting *Mills v. Miller Harness Co.,* 229 Va. 155, 158, 326 S.E.2d 665 (1985))).

Here, Plaintiff seeks an order transferring the funds not from Defendant to the alleged transferor(s), but instead directly to Plaintiff. However, as explained above, Plaintiff may not recover funds directly from Defendant under either Delaware or Virginia law. Further, to the extent that Plaintiff requests the Court to break new ground in this area as an equitable remedy, Plaintiff's request is unavailing because Plaintiff in paragraph 154 of the Complaint concedes that TitleWorks is a "title company" and these funds represent "pass[] through" payments related to real estate transactions between Hild and third-parties, and Plaintiff has already attempted to recover such amounts from the alleged transferor(s) in a separate proceeding. *See Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"); *see also id*. at ¶¶ 393-437 (seeking monetary and equitable relief from defendants in that action regarding same). The Court therefore should dismiss Counts 9 and 10

of the Complaint because Plaintiff is barred from avoiding and recovering Transfers not made by the Debtor.

**B. The Court Should Dismiss Count 9 of the Complaint Because Plaintiff Fails to State a Claim for the Avoidance and Recovery of Constructive Fraudulent Transfers Against Defendant.**

In Count 9 of the Complaint, Plaintiff seeks to avoid and recover the Transfers as constructive fraudulent transfers pursuant to Delaware and Virginia law. However, in order to establish a constructive fraudulent transfer claim, Plaintiff must allege facts sufficient to establish that a debtor made a transfer without receiving the required value in exchange and that such debtor satisfied certain financial conditions at the time of such transfer. *See* 6 *Del. C.* § 1304 ("Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor… [was engaged] in a business or a transaction for which the remaining assets of the debtor were unreasonably small … [or] intended to incur … debts beyond the debtor's ability to pay as they became due."); *see also* Va. Code Ann. § 55.1-401 ("Every gift, conveyance, assignment, transfer, or charge that is not upon consideration deemed valuable in law … by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void …"). As an initial matter, Plaintiff's Complaint fails to state a claim for constructive fraudulent transfer because Plaintiff fails to properly identify the transferor(s) for each Transfer, but instead states that unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") made the Transfers. Complaint, ¶ 264. Further, as explained below, the Court should dismiss Plaintiff's Count 9 because: (i) Plaintiff has failed to allege facts sufficient to establish that the transferor failed to receive the required value in exchange for each Transfer, and (ii) Plaintiff has failed to allege facts sufficient to establish the transferor's alleged financial condition at the time of each Transfer.

8

1. <u>Plaintiff Has Failed to Allege Facts Sufficient to Establish that the Transferor Failed to Receive the Required Lack of Value in Exchange for each Transfer</u>.

In *Jalbert v. Flanagan (In re F-Squared Inv. Mgmt., LLC)*, 600 B.R. 294 (Bankr. D. Del. 2019), this Court dismissed a complaint asserting constructive fraudulent transfer claims under the Bankruptcy Code that failed to allege facts sufficient to establish the required lack of value in exchange for such transfer. *Flanagan*, 600 B.R., at 304-06. The Court began by summarizing Third Circuit caselaw as follows:

> The Third Circuit dispels any notion that a debtor must receive a direct tangible economic benefit to receive "value" . . . and recognizes cases decided by sister circuits concluding that gambling losses, charitable contributions, and money spent in a failed attempt to keep a business afloat can confer value. The Third Circuit also makes clear that a finding of "value" is not a high bar; even a slight chance that a benefit (tangible or intangible) might be conferred upon a debtor is sufficient to show that *some* value has been conferred.

*Id.* at 304; *see also Shaia v. Meyer (In re Meyer)*, 244 F.3d 352, 355 (4th Cir. 2001) (reversing lower court's judgment of voluntary conveyance under Virginia law because Virginia law "simply requires that a transfer or conveyance be 'upon consideration deemed valuable in law.' This phrase refers to 'any valuable consideration received by the transferor.'"); *see also C-T of Va., Inc. v. Euroshoe Assoc. Ltd. P'ship*, No. 91-1578, 1992 U.S. App. LEXIS 1029, at *4 (4th Cir. Jan. 29, 1992) (affirming lower court's dismissal of a voluntary conveyance claim under the predecessor to Va. Code Ann. § 55.1-401 by adopting the "peppercorn" approach to determine whether plaintiff had "received anything which can be determined to be consideration deemed valuable in law.").

As stated previously, Plaintiff fails to identify the transferor for each Transfer, but instead states that *either* Michael Hild *or* unidentified "entities that he owned or controlled" made the Transfers. Complaint, ¶ 264. In each case, Plaintiff fails to allege non-conclusory facts that could plausibly infer that such transferor failed to receive reasonably equivalent value for each

9

Transfer. Exhibit B to the Complaint, which references the Transfers, only contains a list of dates and amounts. Further, Plaintiff acknowledges that Defendant is a title company and these funds represent "pass[] through" payments related to real estate transactions between Hild and third-parties. Complaint, ¶ 154; *See also Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"). Plaintiff cannot allege that the transferors failed to receive "value" from transacting with a title company. Nor has Plaintiff alleged facts suggesting that Defendant's services were overvalued. And the Complaint's only assertion mentioning reasonably equivalent value relates to only one potential transferor (Hild), and is not supported by any facts but instead states a disputed conclusion supported only by the fig leaf of "upon information and belief." Complaint ¶ 266 ("[u]pon information and belief, Hild did not received [sic] reasonably equivalent value in exchange for the [Transfers] because the transfers were made as part of Hild's scheme to hide money from his creditors."). Thus, Plaintiff has failed to allege facts plausibly showing that each transferor failed to receive reasonably equivalent value from Defendant in exchange for each Transfer.

    2. <u>Plaintiff Has Failed to Allege Facts Sufficient to Establish the Transferor's Financial Condition at the Time of Each Transfer</u>.

In *Jalbert v. Souza (In re F-Squared Inv. Mgmt., LLC)*, 2019 Bankr. LEXIS 2817 (Bankr. D. Del. 2019), this Court granted a motion to dismiss a complaint asserting constructive fraudulent transfer claims under the Bankruptcy Code as well as Massachusetts and Delaware law that failed to allege facts sufficient to establish the required financial condition at the time of the transfer. The Court defined insolvency as "the financial condition such that the sum of such entity's debts is greater than all of such entity's property, at fair valuation … at the time of

conveyance." *Souza*, 2019 Bankr. LEXIS 2817, at *43. The Court also distinguished undercapitalization from insolvency by defining "unreasonably small capital" as "an inability to generate sufficient profits to sustain operations at the time of or because of the challenged transfer or, in other words, where a debtor is technically solvent but doomed to fail." *Id.* at *61-63 (internal citations omitted). Finally, this Court defined the concept of "debts beyond the debtor's ability to pay as they became due" as "circumstances showing that the debtor could not reasonably believe that it would be able to repay subsequent debts." *Id*. at *67.

In *Souza*, the plaintiff alleged that the debtor "had enormous unliquidated liabilities at all relevant times … was charged with and admitted to securities fraud … paid $35 million to the SEC … and because many of them were facing their own SEC investigations and penalties for false advertising, [the debtor's] clients fled." *Id*. at 45.[4] However, this Court ruled that such allegations were insufficient to allege insolvency because the allegations could not enable the Court to draw "reasonable inferences as to assets or the magnitude of liabilities relative to assets from the facts alleged in the Complaints." *Id*. at *59; *see also Yelverton v. Homes at Potomac Greens Assocs. Ltd. P'ship (In re Yelverton)*, No. 09-00414, 2010 Bankr. LEXIS 1339, at *14–15 (Bankr. D.D.C. Apr. 21, 2010) (dismissing complaint to avoid alleged constructively fraudulent transfer pursuant to 11 U.S.C. § 544 and Virginia law due to plaintiff's failure to allege specific facts showing the required element of insolvency on the date of the alleged transfer).

Plaintiff has alleged far less than the failed attempt in *Souza*. Once again, Plaintiff fails to attempt to identify the transferor for each Transfer. Complaint, ¶ 264. Thus, Plaintiff's mere

---

[4] In *Souza*, this Court also ruled that plaintiff could not satisfy his pleading standard merely by analogizing the transfers to a Ponzi scheme because "[a] Ponzi scheme presents a very specific scenario: guaranteed returns to existing investors can only be paid with funds from new investors." *Id*. As in *Souza*, Plaintiff's reference to a Ponzi scheme in paragraph 169 of the Complaint is insufficient to discharge Plaintiff from his pleading obligations under the Federal Rules of Civil Procedure.

11

assertion in paragraph 267 of the Complaint that Hild had "massive liabilities to Live Well and other creditors, which far exceeded Hild's net worth" is irrelevant regarding any of the unspecified non-debtor third parties that allegedly made the Transfers (and the Complaint is not even clear whether Hild made a single Transfer). Further, even presuming that Plaintiff alleged that Hild actually made each and every one of the Transfers, Plaintiff has not stated a single well-pled factual allegation about Hild's financial status at the time of each Transfer. Thus, Plaintiff has failed to allege facts sufficient to establish the transferor's financial condition at the time of each Transfer.

Because Plaintiff has failed to allege facts sufficient to establish that the transferor failed to receive the required value in exchange for each Transfer and because Plaintiff has also failed to allege facts sufficient to establish the transferor's financial condition in connection with each Transfer, the Court should dismiss Count 9 of the Complaint.

**C. The Court Should Dismiss Count 10 of the Complaint Because Plaintiff Fails to State a Claim for the Avoidance and Recovery of Intentionally Fraudulent Transfers Against Defendant.**

In Count 10 of the Complaint, Plaintiff conclusorily alleges that each and every Transfer was an "intentionally fraudulent" transfer pursuant to 11 U.S.C. § 544 as well as Delaware and Virginia law. However, Plaintiff fails to plead the claim with specificity as required by Federal Rule of Civil Procedure 9(b), because Plaintiff fails to identify the transferor for each Transfer, but instead states that unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") made the Transfers. Complaint, ¶ 264. Further, even if Plaintiff adequately identified the alleged transferor for each Transfer, Plaintiff also fails to allege facts sufficient to establish either statutory standard. *See* 6 *Del. C.* § 1304 ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor …if the debtor made the transfer or

incurred the obligation … [w]ith actual intent to hinder, delay or defraud any creditor of the debtor."); *see also* Va. Code Ann. § 55.1-400 (Every "conveyance … given with intent to delay, hinder, or defraud creditors … [shall] be void.").

In order to establish that the transferor made each Transfer with the actual intent to hinder, delay, or defraud creditors, Plaintiff must allege facts sufficient to establish "badges of fraud" under each statute. For example, 6 *Del. C*. § 1304(b) provides that in determining actual intent, consideration may be given, among other factors, to whether:

> (1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

6 *Del. C*. § 1304.

In this case, Plaintiff has failed to allege facts sufficient to establish the actual intent to hinder, delay, or defraud creditors under this standard. Plaintiff fails to identify the transferor for each Transfer, but instead states that unspecified non-debtor third parties (i.e., Michael Hild or "entities that he owned or controlled") made the Transfers. Complaint, ¶ 264. Further, even presuming that Plaintiff alleged that Hild actually made the Transfers, Plaintiff has not made well-pled factual allegations establishing that Hild: (a) was an "insider" of Defendant; (b) retained possession of the funds comprising the Transfers; (c) concealed the Transfers; (d) was sued or threatened with suit at the time of the Transfers; (e) transferred all assets in connection with the Transfers; (f) absconded after the Transfers; or (g) removed or concealed assets after the

13

Transfers. Additionally, while Plaintiff states the conclusory assertions that Hild failed to receive value in exchange for the Transfers and was insolvent at the time of the Transfers, those bare conclusions are not supported by sufficient factual allegations that would permit the Court to draw such inferences and are undermined by Plaintiff's other allegations, including that Defendant in fact provided services in exchange for the Transfers. *See, e.g.*, *Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"). Finally, Plaintiff has not made well-pled factual allegations establishing that the Transfers occurred shortly before or after the incurrence of a substantial debt or involve the transfer of assets to a lienor. Thus, Plaintiff has failed to offer any supporting and specific factual allegations from which one can conclude that the transferor made each Transfer with the actual intent to hinder, delay, or defraud creditors under Delaware law.

> Similarly, Virginia law recognizes the following "badges" of fraud:
>
> (1) retention of an interest in the transferred property by the transferor, (2) transfer between family members for allegedly antecedent debt, (3) pursuit of the transferor or threat of litigation by his creditors at the time of the transfer, (4) lack of or gross inadequacy of consideration for the conveyance, (5) retention or possession of the property by transferor, and (6) fraudulent incurrence of indebtedness after the conveyance.

*Fox Rest Assocs., L.P. v. Little*, 282 Va. 277, 285, 717 S.E.2d 126 (2011).

Once again, Plaintiff has failed to allege facts sufficient to establish the actual intent to hinder, delay, or defraud creditors under this standard. First, Plaintiff fails to attempt to identify the transferor for each Transfer. Complaint, ¶ 264. Even presuming that Plaintiff alleged that Michael Hild actually made the Transfers, Plaintiff has not alleged that Hild retained an interest in the Transfers, and even if Plaintiff alleged that Defendant was an "insider" of Hild, the

14

Supreme Court of Virginia has cautioned against a finding that a relationship between the parties is sufficient to establish a fraudulent transfer claim under Virginia law:

> The relationship of the parties does not, of and in itself, cast suspicion upon the transaction, or create such a prima facie presumption against its validity as would require the court to hold it to be invalid without proof that there was fraud on the part of the grantor, participated in by the grantee. This proposition is so well settled that authorities need not be cited in its support.

*Grayson v. Westwood Bldgs. L.P.*, 859 S.E.2d 651, 674 (Va. 2021) (*citing Gottlieb v. Thatcher,* 151 U.S. 271, 279 (1894)).

Additionally, Plaintiff does not allege that Hild was under threat of litigation at the time of the Transfers. While Plaintiff states the conclusory assertion that Hild failed to receive value in exchange for the Transfers, that bare conclusion is not supported by sufficient factual allegations that would permit the Court to draw such an inference and is further undermined by Plaintiff's allegation that Defendant in fact provided services in exchange for the Transfers. *See, e.g., Carickhoff v. Hild (In re Live Well Financial, Inc.)*, Adv. Pro. No. 21-50966 (LSS) (Bankr. D. Del.) (D.I. # 1, ¶ 253) ("For example, at least $6,645,281.45 … were transferred to Title Works of Virginia, Inc., an entity owned or controlled by Cantor, in connection with the Hilds' acquisition of the Subject Real Properties"). Finally, Plaintiff has not made well-pled factual allegations establishing that Hild retained the Transfers, and Plaintiff's bare conclusion that Hild incurred indebtedness after the Transfers is not supported by sufficient factual allegations that would permit the Court to draw such inference here. Thus, Plaintiff has failed to allege that a transferor made each Transfer with the actual intent to hinder, delay, or defraud creditors under Virginia law.

Because Plaintiff has failed to allege facts sufficient to establish a claim for intentional fraudulent transfers under either Delaware or Virginia law, the Court should dismiss Count 10 of the Complaint.

## IV.　CONCLUSION

For the above-referenced reasons, Defendant respectfully requests that this Court enter an order dismissing all counts in the Complaint against Defendant with prejudice.

Dated: September 9, 2021
Wilmington, Delaware

/s/ *Robert J. Stearn Jr.*
Robert J. Stearn, Jr. (No. 2915)
Cory D. Kandestin (No. 5025)
J. Zachary Noble (No. 6689)
**RICHARDS, LAYTON & FINGER, P.A.**
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
stearn@rlf.com
kandestin@rlf.com
noble@rlf.com

-and-

Dion W. Hayes  (*pro hac vice* to be filed)
Joseph S. Sheerin (*pro hac vice* to be filed)
**McGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
dhayes@mcguirewoods.com
jsheerin@mcguirewoods.com

*Counsel to TitleWorks of Virginia, Inc.*